UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CALVIN LESLIE,

               Plaintiff,

    v.

LAS VEGAS REVIEW JOURNAL, et al.,

               Defendants.

Case No. 3:25-cv-00445-ART-CSD

ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 5)

Plaintiff Calvin Leslie brings this action pursuant to 42 U.S.C. § 1983 against Defendants Las Vegas Review Journal, Reporter Glenn Puit, Executive Director Glenn Cook, and Reporter Katelyn Newberg, for falsely reporting that he had agreed to a 10–25-year prison sentence. (ECF No. 1-1.) Also before the Court is Mr. Leslie's application to proceed *in forma pauperis* ("IFP") (ECF No. 1) and motion for appointment of counsel (ECF No. 1-2.) On September 8, 2025, Judge Denney issued a Report and Recommendation ("R&R") recommending granting Mr. Leslie's application to proceed IFP, denying his motion for appointment of counsel, and dismissing with prejudice Mr. Leslie's complaint for failure to state a claim. (ECF No. 5.)

For the foregoing reasons, the Court adopts the magistrate judge's R&R.

## I.    LEGAL STANDARD

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any

1

review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Plaintiff has not filed an objection to the magistrate judge's R&R and his time to do so has now expired. (ECF No. 5.)

## II.    ANALYSIS

The magistrate judge found that Mr. Leslie could not state a colorable claim for relief under section 1983 because he did not argue a theory under which the Defendants could be treated as state actors. (ECF No. 9.) "The activities of news organizations and reporters have consistently failed to satisfy the tests concerning state actors." See *Shareef v. Butler Cnty. Pub. Newspaper*, No. CV 19-320, 2020 WL 3668791, at *4 (W.D. Pa. June 5, 2020) (collecting cases), *report and recommendation adopted*, No. 2:19-CV-320, 2020 WL 3642858 (W.D. Pa. July 6, 2020), and *report and recommendation adopted*, No. 2:19-CV-320, 2020 WL 5500732 (W.D. Pa. Sept. 11, 2020), *aff'd*, No. CV 20-3007, 2021 WL 1238468 (3d Cir. Feb. 2, 2021). Additionally, the Court does not retain jurisdiction over the state claims because there is no diversity, as required under 28 U.S.C. § 1332. (ECF No. 9.) There is also no supplemental jurisdiction, under 28 U.S.C. § 1367, because Mr. Leslie has not stated any claim over which this Court has original jurisdiction. (*Id.*) The Court agrees with the magistrate judge's reasoning and adopts the R&R in full.

## III.    CONCLUSION

IT IS THEREFORE ORDERED that Mr. Leslie's application to proceed *in forma pauperis*, (ECF No. 1) is GRANTED. Whenever Mr. Leslie's prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid.

The Court requests that the Clerk of Court deliver a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of

Corrections at formapauperis@doc.nv.gov.

IT IS FURTHER ORDERED that Mr. Leslie's motion for appointment of counsel is DENIED. (ECF No. 1-2.)

IT IS FURTHER ORDERED that the Clerk FILE the complaint, (ECF No. 1-1) but not issue summons at this time.

IT IS FURTHER ORDERED that the complaint be DISMISSED without leave to amend.

IT IS FURTHER KINDLY ORDERED that the Clerk CLOSE this case.

Dated this 15th day of January 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3